ARTHUR E. ROHL *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

MARCH 21, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows and Murdock, JJ.

MURDOCK, J. This is an action of trespass on the case for negligence to recover damages occasioned by injuries to plaintiff's wife and minor son sustained by them when passengers on a street car operated by defendant. The jury in the Superior Court returned a verdict for the plaintiff and the case is before us on numerous exceptions including an exception to the refusal of the trial justice to direct a verdict for defendant.

The plaintiff, his wife and minor son were, on November 7, 1926, passengers on a street car operated by the defendant. They boarded said car which was proceeding towards the business district of the city of Providence at about 6.20 p. m. The car was lighted and was in charge of an experienced motorman who had operated cars over this route off and on for a period of fourteen years. At the corner of Silver Spring avenue and Branch avenue the car was halted

to admit a passenger and the motorman turned on his power to take his car around the curve into Branch avenue when the power was turned off as there was a down grade from there on. Some distance beyond the point where Smithfield avenue intersects Branch avenue the motorman saw a passenger bus operated by the Providence-Worcester Coach Lines, Inc., coming toward him in the car tracks. The undisputed testimony is that the motorman had his car under control and that he was proceeding at a moderate rate of speed, estimated at ten or eleven miles an hour. The bus was approaching the electric car at a speed which is rather definitely established as at least twenty-seven miles per hour. The car tracks at the place where the accident occurred are in the center of the street and there was ample room for the bus to pass the electric car on either side of the tracks. The street was free of traffic, the road as well as the rails were dry and both the motorman and the driver of the bus had an unobstructed view. When the bus was about three car lengths from the electric car, the motorman says he threw in the reverse and brought the car to a stop in about its own length. The bus continued on its course in the car tracks with undiminished speed and came into a head-on collision with the electric car.

The plaintiff contends that the operator of the electric car (1) operated his car at an excessive rate of speed under the circumstances; (2) failed to sound any warning or sound a gong; (3) waited too long before attempting to stop the car after seeing the bus approaching. The uncontradicted evidence is that the car was proceeding at a speed of about ten or eleven miles an hour and was at all times under control. The car was lighted and must have been clearly visible to the driver of the bus if he was looking ahead. The motorman was not negligent in failing to sound the gong under these conditions. He had the right to assume that the driver of the bus was in possession of his faculties; that he was of sound mind and had good eyesight and so

could see the approaching car. *Halliday* v. *R. I. Co.*, 42 R. I. 350.

Plaintiff's principal contention is that the motorman was negligent in waiting too long before bringing his car to a stop. He urges that if the electric car had been stopped sooner the bus driver might have become aware of the danger and would have turned out to avoid collision. This contention is not tenable as it is based upon mere conjecture. It would be equally reasonable to assume that the bus driver, who, having had ample opportunity to turn away from the tracks, nevertheless came along with undiminished speed into a head-on collision, would have continued on his course to a collision even though the car had been stopped a considerable distance from the place of the accident. The motorman had the right to assume that the bus would seasonably leave the tracks and go to the side of the street where it could pass in safety and it was only when it became apparent that there was danger that the bus would not turn out that there was any call for action on the part of the motorman. *Louisville & Interurban Ry. Co.* v. *Bedfords, Adm.*, 203 Ky. 583. In bringing his car to a timely stop he did all that could have been expected of him under the circumstances. He could not have avoided the collision if the bus continued straight ahead as it is undisputed that it did. We are therefore of the opinion that the plaintiff has produced no evidence of negligence on the part of the defendant and that the proximate cause of the collision was the failure of the driver of the bus to turn off the tracks in time to avoid the collision. We are not unmindful of the rule of law that imposes a high degree of care on the part of common carriers for the safety of passengers but we fail to see that any negligent act on the part of the defendant contributed to the injuries of which the plaintiff complains. Defendant's exception to the refusal to direct a verdict is sustained. It is therefore unnecessary to consider the other exceptions.

The plaintiff may, if he shall see fit, appear on March 31, 1930, and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Raymond & Semple, Harold R. Semple, Walter G. Powers,* for plaintiff.

*Clifford Whipple, Earl A. Sweeney,* for defendant.